**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDEL H. PAJARILLO, | No. 10-17273 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00078-LDG-GWF |
| v. | |
| COUNTRYWIDE HOME LOANS, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Fidel H. Pajarillo appeals pro se from the district court's order dismissing

his action arising out of foreclosure proceedings. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a district court's dismissal. *King v. California*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

784 F.2d 910, 912 (9th Cir. 1986). We affirm in part, and vacate in part, and remand.

The district court properly dismissed Pajarillo's state law claims based on his mortgage being securitized because the claims lacked any legal basis given the fact that Pajarillo had contractually acknowledged that the interest of the originating lender in the loan could be transferred. *Cf. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011) (noting that "[i]t has become common for original lenders to bundle the beneficial interest in individual loans and sell them to investors as mortgage-backed securities, which may themselves be traded").

The district court dismissed Pajarillo's wrongful foreclosure claim based on defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") initiating non-judicial foreclosure proceedings. After the district court's dismissal order, the Nevada Supreme Court decided *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249 (Nev. 2012). Although the foreclosure statute discussed in *Edelstein* differs from the one at issue here, the Nevada Supreme Court discussed the effects of MERS's designation as the beneficiary on the deed of trust. *See id.* at 252 ("We conclude that when MERS is the named beneficiary and a different entity holds the promissory note, the note and the deed of trust are split, making nonjudicial

foreclosure by either improper."); *see also Cervantes*, 656 F.3d at 1044 (9th Cir. 2011) (noting that "[t]he legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name").  Since the district court did not have the benefit of *Edelstein* when it issued its order of dismissal, we remand to allow the court to reconsider Pajarillo's wrongful foreclosure claim in light of that opinion.

Pajarillo's contentions that the district court should have abstained from exercising jurisdiction over the case and that it applied the wrong pleading standard are unpersuasive.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**